IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

V.                                        CASE NO. 5:22-CR-50020-001

**ROBERT CLAY SMITH**                                                                       **DEFENDANT**

### ORDER

During a colloquy with the Court on March 29, 2022, Defendant Robert Clay Smith waived indictment, consented to being charged by Information, and pleaded guilty to the offense of Conspiracy in violation of 18 U.S.C. § 371. Six months later, on September 26, 2022, Mr. Smith filed a Motion to Withdraw his Guilty Plea (Doc. 39). On September 28, the Government filed a Motion seeking Miscellaneous Relief (Doc. 42) to aid its ability to respond to Mr. Smith's motion. On October 3, Mr. Smith responded to the Government's motion (Doc. 45). For the reasons that follow, the Government's Motion is **GRANTED**.

Mr. Smith moves to withdraw his guilty plea based on allegations of ineffective assistance of counsel. He explains the scope and impact of these allegations as follows:

> Dr. Smith's plea was the product of continuous and clearly erroneous practice from his prior representation, namely Attorney Glenn Petersen. Mr. Petersen failed to investigate the claims against Dr. Smith, inform Dr. Smith of the appropriate legal standard for the alleged criminal activity, maintain attorney/client confidentiality, and failed to explain the terms of the plea agreement including failing to explain the amount of loss attributable which Dr. Smith was being held accountable for when the sentencing guidelines were calculated. While many of these failures in isolation would not justify the withdrawal of the plea, taken together these failures presented a scenario where Dr. Smith felt no choice but to plead guilty under a false understanding of the charge and potential punishment he faced.

Doc. 39, p. 2.

In response to Mr. Smith's motion, the Government requests the Court:

(a) authorize the release of Mr. Smith's sealed motion to his former attorneys, Mr. Petersen and Rex Chronister;[1]

(b) find the attorney-client privilege waived with respect to relevant communications between Mr. Smith and his former attorneys;

(c) order Mr. Petersen and Mr. Chronister to provide any and all such communications to the Government;

(d) grant the Government access to the sealed transcript of the *ex parte* hearing before U.S. Magistrate Judge Comstock (Doc. 43);

(e) allow the Government an extension through and including October 28, 2022, to file its response to Mr. Smith's Motion to Withdraw Plea; and

(f) set a hearing to resolve any factual issues.

Mr. Smith consents (Doc. 45) to the relief requested by the Government with two exceptions. First, Mr. Smith urges the Court to deny the Government's request for additional time to file a response. Second, Mr. Smith contests the scope of his waiver of attorney-client privilege.

The parties agree that Mr. Smith has waived attorney-client privilege with respect to all relevant communications with Mr. Petersen and Mr. Chronister. But Mr. Smith contends "relevant communication" extends only to those communications pertaining to his guilty plea. The Government argues that Mr. Smith's Motion to Withdraw Plea

---

[1] Mr. Smith does not allege ineffective assistance of counsel by Mr. Chronister, who represented Mr. Smith alongside Mr. Petersen. Regardless, Mr. Chronister's representation is relevant to whether Mr. Smith knowingly and voluntarily entered into the plea agreement and thus implicated by Mr. Smith's Motion to Withdraw Plea.

constitutes a more fulsome waiver of the privilege that also extends, for example, to any advice counsel provided Mr. Smith regarding his license to practice medicine.[2]

The Court agrees with the Government. Mr. Smith's Motion to Withdraw Plea implicitly waives attorney-client privilege for all communications pertaining to the federal offenses investigated by the Government in this matter. That includes, but is not limited to, communications prior to and after the waiver and plea hearing on March 29, 2022, through Mr. Petersen's withdrawal as counsel on June 7, 2022, (Doc. 19) and Mr. Chronister's withdrawal on June 13, 2022 (Doc. 24), as well as communication during this period regarding collateral consequences.

"A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence." *United States v. Rootes*, 2021 WL 5235136, at *4 (D. Minn. Nov. 10, 2021) (quoting *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974)). "The attorney client privilege cannot be used as both a shield and a sword[.]" *United States v. Workman*, 138 F.3d 1261, 1264 (8th Cir. 1998). When a defendant "asserts he should be able to withdraw his guilty plea based on the erroneous advice of his . . . counsel," he "waive[s] the attorney-client privilege." *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009).

For these reasons, the Government's Motion for Miscellaneous Relief (Doc. 42) is **GRANTED**.  Within the temporal scope described above, Mr. Smith's attorney-client

---

[2] Mr. Smith also claims that Mr. Petersen provided inaccurate guidance regarding the impact that Mr. Smith's guilty plea would have on his medical license. *See* Doc. 39, p. 11.

privilege has been waived. The Government may provide documents to, and make inquires of, former counsel as requested. The **Clerk of Court** is **Ordered** to grant Government's counsel access to the transcript of hearing filed at Doc. 43. The Government's response to Mr. Smith's motion is now due October 28, 2022. A hearing on the motion is scheduled for November 18, 2022.

    **IT IS SO ORDERED** on this 4th day of October, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE